# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | EDCV 17-1687 AG(JC) | Date | November 22, 2017 |
|---|---|---|---|
| Title | Keith Walker v. Elick Toby Bowler, et al. | | |

| Present: The Honorable | Jacqueline Chooljian, United States Magistrate Judge | |
|---|---|---|
| Hana Rashad | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| none | none |

**Proceedings:** (IN CHAMBERS) **ORDER TO SHOW CAUSE**

On August 21, 2017, plaintiff filed a complaint against multiple defendants, including Elick Toby Bowler/Bowler and Bowler, Timothy Glisson, Ahlam Algaouni, Thierry Lemaitre, Z-Tech Advance, and Robin Markush ("Defendants in Issue"). On August 23, 2017, the court issued an order advising plaintiff that pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, and the court's order, his time to effect service of the summons and complaint on each named defendant would expire within 90 days of the issuance of said order, i.e., on November 20, 2017. The August 23, 2017 Order directed plaintiff to file separate proof of service forms for each defendant served within the 90-day period, and cautioned plaintiff that his failure to effectuate proper service by November 20, 2017, may result in dismissal of the action without prejudice as to any unserved defendants. To date, plaintiff has failed to file a proof of service form reflecting that any of the Defendants in Issue have been served, and such defendants have not appeared in this action.[1]

IT IS THEREFORE ORDERED, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure and Local Rule 41-1, that within fourteen (14) days of the date of this Order, plaintiff shall show cause, if there be any, why service was not made on the Defendants in Issue by November 20, 2017, and why this case should not be dismissed without prejudice as against the Defendants in Issue for failure to effectuate service and for lack of prosecution. Failure timely to respond to this Order to Show Cause or to show cause, may result in the dismissal of this action without prejudice as to the Defendants in Issue for failure to effectuate service and/or for lack of prosecution.[2]

IT IS SO ORDERED.

---

[1] The other named defendants have either appeared in this action and/or have been referenced in a proof of service filed by plaintiff. Certain such named defendants have challenged the effectiveness/ propriety of service. This order does not address the effectiveness/propriety of service on anyone other than the Defendants in Issue. To the extent appropriate, the court will consider and address the effectiveness/propriety of service on other defendants at a later juncture.

[2] Although plaintiff filed a motion seeking leave to amend the complaint on November 20, 2017, neither such motion, nor the filing of a first amended complaint would restart a new 90-day service period for defendants named in the original complaint.