# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 5:17-cv-01687-AG-JC | Date | May 24, 2018 |
|---|---|---|---|
| Title | Keith J. Walker v. Elick Toby Bowler, et al. | | |

| Present: The Honorable | Jacqueline Chooljian, United States Magistrate Judge | |
|---|---|---|
| Kerri Hays | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant(s): |
|---|---|
| none | none |

**Proceedings:** (IN CHAMBERS)

**ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED AS AGAINST UNSERVED REMAINING DEFENDANTS AND WHY THE COMPLAINT SHOULD NOT BE DISMISSED FOR FAILURE TO STATE A FEDERAL CLAIM AGAINST ANY REMAINING DEFENDANT ("SECOND OSC")**

## I.    Background and Summary

On August 21, 2017, plaintiff Keith J. Walker, who is proceeding *pro se*, is at liberty, and has paid the filing fee, filed a Complaint ("Complaint" or "Comp.") which – very liberally construed – appears to assert federal claims pursuant to 42 U.S.C. §§ 1983, 1985(2), 1986, and numerous federal criminal statutes (collectively "Federal Claims"), as well as what appear to be several state law tort claims (collectively "State Claims") against multiple defendants who appear to be in some manner connected with plaintiff's divorce proceedings in Riverside County Family Court ("RCFC"), namely: (1) Rawah Algaouni (plaintiff's ex-wife); (2) Elick Toby Bowler (plaintiff's ex-wife's attorney); (3) Bowler and Bowler (Bowler's law firm); (4) "Riverside County Department of Child Support Services" ("DCSS"); (5) DCSS Attorney Bruce Wagner; (6) DCSS Attorney Lloyd B. Porter; (7) Bret Baker; (8) Hon. Chad Firetag, RCFC Judge; (9) Frank Coe, former Chief of Police for the City of Beaumont; (10) Beaumont Police Department ("BPD"); (11) BPD Officer Mark Keyser; (12) Ontario Police Department ("OPD"); (13) OPD Officer Timothy Glisson; (14) Z-Tech Advance Technologies ("Z-Tech"); (15) Z-Tech co-owner Ahlam Algaouni; (16) Z-Tech co-owner Thierry Lemaitre; (17) former Riverside County Assistant District Attorney William Essayli; (18) Riverside County Public Defender Justin Greenlee; (19) Riverside County Public Defender supervisor Ruben Delatorre; (20) Hon. Richard Naughton, RCFC Judge (ret.); (21) Robin Markush, attorney with Howard County Department of Social Services, Howard County, Maryland; (22) "Christopher Plumbing" in Denver, Colorado; and (23) Christopher Ardrey, owner of Christopher Plumbing (collectively "defendants"). (Comp. at 1-2; Comp. ¶¶ 3-21).  Plaintiff sues all individual defendants in their individual and official capacities except for defendants Rawah Algaouni and Bret Baker (who are sued in their individual capacities only), and seeks declaratory, injunctive and monetary relief.  (Comp. ¶¶ 3-4, 6-7, 9-15, 17-21; Comp. at 68-71).

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 5:17-cv-01687-AG-JC | Date | May 24, 2018 |
|---|---|---|---|
| Title | Keith J. Walker v. Elick Toby Bowler, et al. | | |

On August 23, 2017, the Court issued an Order ("Service Order") (1) advising plaintiff that pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, plaintiff's time to effect service of the summons and complaint on each named defendant would expire on November 20, 2017 (*i.e.*, within 90 days of the filing of the Complaint); (2) directing plaintiff to file separate proof of service forms for each defendant served within the 90-day period; and (3) cautioning plaintiff that his failure to effectuate proper service by November 20, 2017, might result in dismissal of the action without prejudice as to any unserved defendants.

On November 22, 2017, the Court issued an Order to Show Cause ("First OSC") which, in pertinent part (1) noted that plaintiff had failed to file proof of service forms for non-appearing defendants Elick Toby Bowler, Bowler and Bowler, Timothy Glisson, Ahlam Algaouni, Thierry Lemaitre, Z-Tech, and Robin Markush; (2) directed plaintiff within fourteen (14) days to show cause why service had not been made on such unserved defendants by November 20, 2017 (*i.e.*, the deadline for effecting service), and why the case should not be dismissed without prejudice as against such defendants for failure to effectuate service and for lack of prosecution; and (3) advised plaintiff that the failure timely to respond to the First OSC, or to show good cause, might result in the dismissal of the action without prejudice as against such defendants for failure to effectuate service and/or for lack of prosecution.[1]

On December 7, 2017, plaintiff filed a Notice of Dismissal pursuant to Federal Rules of Civil Procedure Rule 41(a)(1)(A)(i) ("Rule 41(a)(1)") voluntarily dismissing defendants Firetag and Naughton. (Docket No. 52). On December 26, 2017, plaintiff filed a Rule 41(a)(1) Notice voluntarily dismissing defendant Markush. (Docket No. 54). On March 7, 2018, plaintiff filed a Rule 41(a)(1) Notice voluntarily dismissing defendants Coe, Keyser, Glisson, Essayli, Greenlee, Delatorre, Ardrey, Christopher Plumbing, OPD, and BPD. (Docket No. 66).[2] Accordingly, the Complaint remains pending against defendants Rawah Algaouni, Bowler, Bowler and Bowler, DCSS, Wagner, Porter, Baker,

---

[1]The First OSC also noted that (i) other named defendants had already either appeared in the action and/or had been referenced in a proof of service filed by plaintiff; (ii) certain such other named defendants had challenged the effectiveness/propriety of service; and (iii) the First OSC did not address the effectiveness/propriety of service on anyone other than the defendants specified therein, and, to the extent appropriate, the Court would consider and address the effectiveness/propriety of service on other defendants at a later juncture.

[2]As defendants Essayli, Greenlee and Delatorre (along with the County of Riverside, Bruce Wagner, and Lloyd Porter) filed an Answer to the Original Complaint on September 29, 2017, the Court has deemed plaintiff's voluntary dismissal of Essayli, Greenless and Delatorre to be a request voluntarily to dismiss such defendants without prejudice and has granted such unopposed request. See May 24, 2018 Order Denying Motion for Leave to Amend Complaint without Prejudice, Footnote 1 (citing Fed. R. Civ. P. 41(a)(2)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:17-cv-01687-AG-JC | Date | May 24, 2018 |
|---|---|---|---|
| Title | Keith J. Walker v. Elick Toby Bowler, et al. | | |

Z-Tech, Ahlam Algaouni, and Lemaitre only (collectively "Remaining Defendants"). See generally Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997) ("The filing of a notice of voluntary dismissal with the court automatically terminates the action as to the defendants who are the subjects of the notice.") (citing Concha v. London, 62 F.3d 1493, 1506 (9th Cir. 1995), cert. dismissed, 517 U.S. 1183 (1996)).

As the Complaint is deficient in multiple respects, including those detailed below, the Court hereby orders plaintiff, **by not later than June 7, 2018**, to show good cause in writing why the Court should not *sua sponte* dismiss the Complaint for failure to state a federal claim upon which relief may be granted. In addition, since it appears that plaintiff has not properly effected service of process on several of the Remaining Defendants and has not responded to the First OSC at all, the Court vacates the First OSC with respect to defendants Glisson and Markush (who were voluntarily dismissed after the First OSC was issued), grants plaintiff an extension of time until **June 7, 2018**, to respond to the First OSC with respect to defendants Elick Toby Bowler, Bowler and Bowler, Ahlam Algaouni, Lemaitre, and Z-Tech, and, as discussed below, orders plaintiff also to show good cause in writing why service was not properly effected on defendants Rawah Algaouni and Baker, and why such defendants should not be dismissed from the action without prejudice for failure properly to effectuate service and for lack of prosecution.

## II. Governing Legal Standards

### A. Service of Process

A federal court can assert personal jurisdiction over a defendant only if the defendant has been properly served pursuant to Rule 4 of the Federal Rules of Civil Procedure ("Rule 4"). See Direct Mail Specialists v. Eclat Computerized Technologies, Inc., 840 F.2d 685, 688 (9th Cir. 1988) (citation omitted). Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service of the summons and complaint must be accomplished on each named defendant within 90 days after the filing of the complaint. Fed. R. Civ. P. 4(m). For defendants who are added by later amendments to the complaint, the time limit for service runs from the date of the amendment. McGuckin v. United States, 918 F.2d 811, 813 (9th Cir. 1990). The failure timely to serve a defendant subjects the action to dismissal without prejudice as against the defendant absent a showing of good cause for such failure. Fed. R. Civ. P. 4(m).

In general, Rule 4(e) provides that service of a summons and complaint upon individuals within a judicial district of the United States must be made either by one of the methods described in Rule 4(e)(2) ("federal method"), or by a method set forth in state law (*i.e.*, pursuant to California Code of Civil Procedure ("CCP") Section 415.10, *et seq.*) ("state method"). Fed. R. Civ. P. 4(e). Under the federal method, service may be made by (1) delivering a copy of the summons and complaint to the individual defendant personally (*i.e.*, in person); (2) leaving copies of such documents "at the individual's dwelling house or usual place of abode with someone of suitable age and discretion who resides there"; or (3) delivering a copy of both documents "to an agent authorized by appointment or by law to receive

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:17-cv-01687-AG-JC | Date | May 24, 2018 |
|---|---|---|---|
| Title | Keith J. Walker v. Elick Toby Bowler, et al. | | |

service of process." Fed. R. Civ. P. 4(e)(2)(A)-(C). Under the state method, acceptable methods for serving individuals include (1) personal service – *i.e.*, in person delivery to the defendant (CCP § 415.10); (2) substitute service – leaving a copy of the summons and complaint at the defendant's usual residence or place of business with a "competent member of the household" or a person "apparently in charge" of the defendant's office/place of business who is "informed of the contents thereof," and also mailing copies of the summons and complaint by first-class mail, postage prepaid to the defendant at such address (CCP §§ 415.20(b), 416.90); (3) service by mail – mailing to the defendant by first-class mail or airmail, postage prepaid a copy of the summons and complaint, together with two copies of the statutory "notice and acknowledgment," and "a return envelope, postage prepaid, addressed to the sender" (CCP § 415.30); and (4) service by publication if authorized by the Court (CCP § 415.50).

### B.     Rule 8 Pleading Requirements; Failure to State a Claim

The Court may, *sua sponte*, dismiss a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)") for failure to state a claim upon which relief may be granted so long as the Court gives notice of its *sua sponte* intention to dismiss and provides the plaintiff with an opportunity to submit a written memorandum in opposition thereto. Seismic Reservoir 2020, Inc. v. Paulsson, 785 F.3d 330, 335 (9th Cir. 2015) (citations omitted).

Rule 12(b)(6) is read in conjunction with Rule 8. Zixiang Li v. Kerry, 710 F.3d 995, 998-99 (9th Cir. 2013). Pursuant to Rule 8, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 also mandates that "[e]ach allegation [in a complaint] be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). While Rule 8 does not require detailed factual allegations, at a minimum a complaint must allege enough specific facts to provide *both* "fair notice" of the particular claim being asserted *and* "the grounds upon which [that claim] rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 & n.3 (2007) (citation and quotation marks omitted); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (Rule 8 pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation") (citing id. at 555).

To satisfy Rule 8, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Byrd v. Phoenix Police Department, 885 F.3d 639, 642 (9th Cir. 2018) (citations omitted); see also Johnson v. City of Shelby, Mississippi, 135 S. Ct. 346, 347 (2014) (per curiam) (Twombly and Iqbal instruct that plaintiff "must plead facts sufficient to show that [plaintiff's] claim has substantive plausibility"). A claim is "plausible" when the facts alleged in the complaint would support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct. Iqbal, 556 U.S. at 678 (citation omitted); see also Gauvin v. Trombatore, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988) (complaint "must allege the basis of [plaintiff's] claim against *each* defendant" to satisfy Rule 8 pleading requirements) (emphasis added); Chappell v. Newbarth, 2009 WL 1211372, *3 (E.D. Cal. May 1, 2009) ("[A] complaint must put each defendant on notice of Plaintiff's claims against him or her, and their factual basis.") (citing Austin v. Terhune, 367

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:17-cv-01687-AG-JC | Date | May 24, 2018 |
|---|---|---|---|
| Title | Keith J. Walker v. Elick Toby Bowler, et al. | | |

F.3d 1167, 1171 (9th Cir. 2004)). Allegations that are "merely consistent with" a defendant's liability, or reflect only "the mere possibility of misconduct" do not "show[] that the pleader is entitled to relief" (as required by Fed. R. Civ. P. 8(a)(2)), and thus are insufficient to state a claim that is "plausible on its face." Iqbal, 556 U.S. at 678-79 (citations and quotation marks omitted).

Civil rights complaints are interpreted liberally in order to give *pro se* plaintiffs "the benefit of any doubt." Byrd, 885 F.3d at 642 (citations and internal quotation marks omitted). Nonetheless, a *pro se* plaintiff must still follow the rules of procedure that govern all litigants in federal court, including the Rule 8 requirement that a complaint minimally contain a short and plain statement of a plausible claim alleged in "simple, concise, and direct" terms. See Ghazali v. Moran, 46 F.3d 52, 54 (9th Cir.) (per curiam) ("Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure.") (citation omitted), cert. denied, 516 U.S. 838 (1995); see also Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 954 (9th Cir. 2011) (en banc) ("[A] liberal interpretation of a ... civil rights complaint may not supply essential elements of [a] claim that were not initially pled.") (quoting Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992)) (quotation marks omitted; ellipses in original).

### C. Section 1983 Claims; Color of State Law Requirement

To state a claim under Section 1983, a complaint essentially must allege that a defendant, while acting "under color of [] law," caused a deprivation of the plaintiff's constitutional rights. 42 U.S.C. § 1983; West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted); Florer v. Congregation Pidyon Shevuyim, N.A., 639 F.3d 916, 921 (9th Cir. 2011) (citation omitted), cert. denied, 565 U.S. 1116 (2012). There is no vicarious liability in Section 1983 lawsuits. Iqbal, 556 U.S. at 676 (citing, *inter alia*, Monell v. Department of Social Services of the City of New York, 436 U.S. 658, 691 (1978)). Hence, a government official may not be held liable under Section 1983 unless the particular official's own actions caused the alleged constitutional deprivation. OSU Student Alliance v. Ray, 699 F.3d 1053, 1069 (9th Cir. 2012) (citing id.), cert. denied, 571 U.S. 819 (2013).

An individual government official "causes" a constitutional deprivation when he or she (1) "does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he [or she] is legally required to do that causes the deprivation"; or (2) "set[s] in motion a series of acts by others which the [defendant] knows or reasonably should know would cause others to inflict the constitutional injury." Lacey v. Maricopa County, 693 F.3d 896, 915 (9th Cir. 2012) (en banc) (quoting Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978)) (quotation marks omitted). Similarly, a government official acting in a supervisory capacity "causes" a deprivation to the extent he or she (1) personally participates in or directs a subordinate's constitutional violation; or (2) was not "physically present when the [plaintiff's] injury occurred," but the constitutional deprivation can, nonetheless, be "directly attributed" to the supervisor's own wrongful conduct. Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011), cert. denied 566 U.S. 982 (2012); see also OSU Student Alliance, 699 F.3d at 1069 (citing Iqbal, 556 U.S. at 676). Allegations regarding Section 1983 causation "must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:17-cv-01687-AG-JC | Date | May 24, 2018 |
|---|---|---|---|
| Title | Keith J. Walker v. Elick Toby Bowler, et al. | | |

caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988) (citations omitted).

An official-capacity suit against a government employee is treated as a suit against the employing government entity, not the individual defendant personally. See Kentucky v. Graham, 473 U.S. 159, 165-66 (1985) (official-capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent") (citation and internal quotation marks omitted); Center for Bio-Ethical Reform, Inc. v. Los Angeles County Sheriff Department, 533 F.3d 780, 799 (9th Cir. 2008) ("An official capacity suit against a municipal officer is equivalent to a suit against the entity.") (citing id.), cert. denied, 555 U.S. 1098 (2009). A local government entity may be held liable under Section 1983 only when its *own* actions have caused a particular constitutional deprivation. See Connick v. Thompson, 563 U.S. 51, 60 (2011) (citation and quotation marks omitted); City of St. Louis v. Praprotnik, 485 U.S. 112, 121-22 (1988) (citations omitted). Thus, a plaintiff who seeks to hold a local government entity liable under Section 1983 – *i.e.*, who asserts a so-called "Monell" claim – must essentially demonstrate that (1) an employee or other official with the government entity violated the plaintiff's constitutional rights; (2) the official's actions were taken while implementing or executing the entity's "official" government policy; and (3) the entity's policy was the "moving force" behind the unconstitutional actions. See Monell, 436 U.S. at 690-91; Dougherty v. City of Covina, 654 F.3d 892, 900 (9th Cir. 2011) (citation and quotation marks omitted), cert. denied, 569 U.S. 904 (2013).

Private actors typically do not engage in conduct "under color of [] law," and thus will generally not be liable under Section 1983 unless they cause a constitutional deprivation that may be "fairly attributable to the [government]." Florer, 639 F.3d at 922 (citation omitted); see also American Manufacturers Mutual Insurance Co. v. Sullivan, 526 U.S. 40, 50 (1999) ("[Section 1983] excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful. . . .'") (citations and internal quotation marks omitted); Caviness v. Horizon Community Learning Center, Inc., 590 F.3d 806, 812 (9th Cir. 2010) (same; in context of motion to dismiss) (citing id.); see generally West, 487 U.S. at 49 ("The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'") (citation omitted). A Section 1983 plaintiff has the burden to plead and prove that a private party acted "under color of law." See Tsao v. Desert Palace, Inc., 698 F.3d 1128, 1139-40 (9th Cir. 2012) (citing Lugar v. Edmondson Oil Company, Inc., 457 U.S. 922, 937 (1982)).

A constitutional deprivation committed by a private party may be "fairly attributable" to the government only when (1) the deprivation is the product of some "governmental policy"; and (2) the private party may "fairly be said to be a state actor." Lugar, 457 U.S. at 937; Florer, 639 F.3d at 922 (citing id.). Both parts of the so-called Lugar test must be met to hold a private actor liable under Section 1983. See Lugar, 457 U.S. at 937-39. Under the first part of the Lugar test, a private party must have caused an alleged constitutional deprivation while exercising some governmental "right or privilege" or acting pursuant to some "rule of conduct imposed by the [government]." Sutton v.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:17-cv-01687-AG-JC | Date | May 24, 2018 |
|---|---|---|---|
| Title | Keith J. Walker v. Elick Toby Bowler, et al. | | |

Providence Saint Joseph Medical Center, 192 F.3d 826, 835 (9th Cir. 1999) (quoting Lugar, 457 U.S. at 937) (quotation marks omitted). Under the second part of the Lugar test, there is an initial presumption that private parties are not state actors, which a plaintiff may rebut by satisfying one of several tests – *e.g.*, showing that at the time of an alleged constitutional violation (1) the private actor was performing a public function; (2) the private actor was engaged in joint activity with the government; (3) the private party acted under governmental compulsion or coercion; or (4) there was some other sufficient nexus between the government and the private actor. Kirtley v. Rainey, 326 F.3d 1088, 1092 (9th Cir. 2003) (recognizing "at least four . . . tests" for determining whether private conduct amounts to state action) (citations and quotation marks omitted). Section 1983 plaintiffs have the burden to establish that a private party should be deemed a state actor. Florer, 639 F.3d at 922 (citation omitted); see also Kirtley, 326 F.3d at 1092 ("Satisfaction of any one test is sufficient to find state action, so long as no countervailing factor exists.") (citation omitted).

### III. Discussion

This action, as against the unserved Remaining Defendants, and the Complaint, as against all Remaining Defendants, are subject to dismissal for at least the following reasons:

#### A. Failure Properly to Effect Service on Multiple Remaining Defendants

Plaintiff has not demonstrated that he properly effectuated service of process on multiple Remaining Defendants. First, plaintiff still has not filed any proof of service forms for defendants Elick Toby Bowler, Bowler and Bowler, Ahlam Algaouni, Thierry Lemaitre, and Z-Tech. Nor has plaintiff provided any response to the First OSC, much less shown cause in writing why service apparently was not made on such defendants within the time required by Rule 4(m) (*i.e.*, by November 20, 2017).

In addition, plaintiff has not demonstrated that he *properly* effectuated service of process on Remaining Defendants Rawah Algaouni and Bret Baker.[3] On September 18, 2017, plaintiff filed a document entitled "Proof of Service - Acknowledgment of Service" which, in pertinent part, identifies Rawah Algaouni as the "Party Served" next to a blank "Acknowledgement of Service" section at the

---

[3]While it also appears that plaintiff did not properly effectuate service of process on Remaining Defendants DCSS, Wagner, or Porter, on September 29, 2017, such defendants appeared through counsel and filed an answer which does not specifically dispute the adequacy of service of process or personal jurisdiction. See generally Benny v. Pipes, 799 F.2d 489, 492 (9th Cir. 1986) ("[A] general appearance or responsive pleading by a defendant that fails to dispute personal jurisdiction will waive any defect in service or personal jurisdiction.") (citation and internal quotation marks omitted), amended 807 F.2d 1514 (9th Cir.), cert. denied, 484 U.S. 870 (1987); DePrins v. Clark, 566 Fed. Appx. 608, 610 & n.2 (9th Cir. 2014) ("[A] party waives service of process when it files an answer to the complaint[.]") (citing id.).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:17-cv-01687-AG-JC | Date | May 24, 2018 |
|---|---|---|---|
| Title | Keith J. Walker v. Elick Toby Bowler, et al. | | |

bottom of the form, and appears to represent that an unidentified individual "served" a "Federal Notice Civil Summons with attached declaration, and Electronic Filings (U.S Court) Numbers 4 & 5" either "by personally delivering it [sic] to the person(s) indicated below" in the manner provided in Rule 5(b) of the Federal Rules of Civil Procedure ("Rule 5"), or by mailing the identified documents to individuals on an attached list of names and addresses. (Docket No. 12). On September 25, 2017, plaintiff filed a substantially similar document which appears to identify defendant Baker as the "Party Served." (Docket No. 14). To the extent it is plaintiff's position that such documents reflect proper service on defendants Rawah Algaouni and Baker, plaintiff is mistaken. Plaintiff could not effectuate service of the *summons and complaint* on such individual defendants pursuant to Rule 5. In addition, plaintiff could not properly effectuate service simply by mailing the pertinent documents to defendants Rawah Algaouni and Baker. Moreover, the proofs of service plaintiff filed with the Court also do not plausibly reflect that a copy of the entire Complaint was ever served on either defendant.

### B. Failure to Comply with Pleading Requirements for Federal Complaints

On the whole, plaintiff's 71-page, 132 paragraph Complaint is far from the "short and plain statement" contemplated by Rule 8. The rambling "Statement of Facts" section is mostly a convoluted collection of prolix (*i.e.*, unnecessarily long, wordy, and tedious), cryptic, confusing, and at times unintelligible and even fanciful and/or delusional allegations full of immaterial background information, as well as duplicative and conclusory legal and/or factual assertions regarding multiple, at times unrelated, incidents involving various named and unnamed defendants and/or other individuals. (Comp. ¶¶ 22-49). Plaintiff's twenty-four "cause[s] of action" do not clearly set apart any individual claim to the extent each is founded on a different transaction or occurrence. (Comp. ¶¶ 50-132). To confuse matters further, each of plaintiff's causes of action sweepingly incorporates some or all preceding allegations from the Complaint, and thus it ends up appearing that every cause of action technically asserts a claim against every defendant predicated on every fact alleged in the entire Complaint. (Comp. ¶¶ 50, 56, 59, 58, 62, 67, 71, 76, 83, 89, 93, 96, 100, 103, 106, 111, 113, 118, 122, 125, 129). Ultimately, the Complaint never clearly connects any particular event or incident to specific legal claims against any particular defendant as the federal rules require. As a result, it is all but impossible to discern precisely who plaintiff intends to sue and on what theory without literally guessing as to which facts could support a potential legal claim against any particular defendant. The Complaint also violates Rule 10 of the Federal Rules of Civil Procedure, in part, because the caption does not list the names of all defendants plaintiff apparently intends to sue. Fed. R. Civ. P. 10(a).

The Complaint may be dismissed based solely on plaintiff's failure to comply with such pleading requirements. See Hearns v. San Bernardino Police Department, 530 F.3d 1124, 1129, 1131 (9th Cir. 2008) (district court may dismiss complaint that violates Rule 8); McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996) (violation of Rule 8 requirement that allegations be "simple, concise, and direct" provides basis for dismissal "independent of Rule 12(b)(6)") (citations omitted); cf. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992) (court may dismiss as frivolous claim supported only by "fanciful," "fantastic," "delusional," "irrational or [] wholly incredible" allegations), superseded in part

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:17-cv-01687-AG-JC | Date | May 24, 2018 |
|---|---|---|---|
| Title | Keith J. Walker v. Elick Toby Bowler, et al. | | |

by statute on other grounds as noted in Walp v. Scott, 115 F.3d 308, 309 (5th Cir. 1997); see also, Ferdik v. Bonzelet, 963 F.2d 1258, 1263 (9th Cir.), as amended (May 22, 1992) (affirming dismissal of action based on failure to comply with court order that complaint be amended to name all defendants in caption as required by Rule 10(a)), cert. denied, 506 U.S. 915 (1992). Dismissal is proper even if a viable claim could be gleaned from somewhere in the Complaint. See McHenry, 84 F.3d at 1179 ("The propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit."); Mann v. Boatright, 477 F.3d 1140, 1148 (10th Cir. 2007) (Rule 8 dismissal proper where court is simply unable to "separate the wheat from the chaff" in complaint's allegations), cert. denied, 552 U.S. 1098 (2008). It is not the Court's responsibility to hunt through plaintiff's prolix and rambling allegations in an attempt to determine whether plaintiff might have some adequate basis for bringing an action in federal court. See Mann, 477 F.3d at 1148 ("It [is] not the district court's job to stitch together cognizable claims for relief from [a] wholly deficient [complaint.]"); Stewart v. Ryan, 2010 WL 1729117, *2 (D. Ariz. Apr. 27, 2010) ("It is not the responsibility of the Court to review a rambling narrative in an attempt to determine the number and nature of a plaintiff's claims."); see also Garst v. Lockheed-Martin Corp., 328 F.3d 374, 378 (7th Cir.) ("Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud.") (cited with approval in Knapp v. Hogan, 738 F.3d 1106, 1111 (9th Cir. 2013)), cert. denied, 540 U.S. 968 (2003); cf. Gordon v. Virtumundo, Inc., 575 F.3d 1040, 1066 (9th Cir. 2009) ("[j]udges are not like pigs, hunting for truffles buried in briefs") (citation omitted).

    **C.    Failure to State a Viable Federal Claim for Relief**

To the extent comprehensible, and even with the most liberal interpretation, the Complaint is also subject to dismissal because it fails to state a federal claim upon which relief may be granted.

First, the Complaint fails to state viable Section 1983 claims against defendants Rawah Algaouni, Bowler, Wagner, and Porter – the only Remaining Defendants named in plaintiff's Section 1983 cause of action. (Comp. ¶ 50). For example, the Complaint does not plausibly allege that the private conduct of defendant Rawah Algaouni (plaintiff's ex-wife) or defendant Bowler (to the extent Bowler acted as a private attorney for plaintiff's ex-wife) caused any constitutional deprivation that is "fairly attributable" to the government under even the most generous application of the Lugar test. The Complaint does not plausibly allege that defendants Wagner and Porter engaged in any misconduct pursuant to a government policy or custom that was the "moving force" behind a specific constitutional violation, and thus fails to state a viable Section 1983 official capacity claim against such defendants – or against the real party in interest (i.e., Riverside County/DCSS). See Dougherty, 654 F.3d at 900 ("A government entity may not be held liable under 42 U.S.C. § 1983, unless a policy, practice, or custom of the entity can be shown to be a moving force behind a violation of constitutional rights.") (citing Monell, 436 U.S. at 694). In addition, it appears that defendants Wagner and Porter would be entitled to absolute immunity to the extent sued in their individual capacities for such DCSS attorneys' alleged attempts to collect child support payments from plaintiff. (Comp. ¶¶ 36, 37, 41); see Imbler v. Pachtman, 424 U.S. 409, 430 (1976) (A prosecutor is entitled to absolute immunity from a Section 1983 action for damages

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:17-cv-01687-AG-JC | Date | May 24, 2018 |
|---|---|---|---|
| Title | Keith J. Walker v. Elick Toby Bowler, et al. | | |

when he or she performs a function that is "intimately associated with the judicial phase of the criminal process."); see also Butz v. Economou, 438 U.S. 478, 513 (1978) (extending prosecutorial immunity to administrative agency proceedings); Demery v. Kupperman, 735 F.2d 1139, 1143 (9th Cir. 1984) (prosecutorial immunity shields state officials who perform the "functions of a prosecutor" in administrative proceedings) (citation omitted), cert. denied, 469 U.S. 1127 (1985); Donahoe v. Arpaio, 2012 WL 1161580, *21 (D. Ariz. Apr. 9, 2012) ("[A]bsolute immunity has sometimes been applied to government attorneys for bringing civil enforcement proceedings . . . [in] limited [] situations where the court can 'draw[ ] an analogy between the prosecutor who initiates criminal proceedings and the government attorney who performs the functions of a prosecutor in civil proceedings.'") (citations omitted); see, e.g., Nemcik v. Mills, 2016 WL 4364917, *8 (N.D. Cal. Aug. 16, 2016) (attorney with Santa Clara County Department of Child Support Services absolutely immune from suit for taking actions "relate[d] directly to her work as a DCSS attorney" while "prosecuting and enforcing child support [action]") (citation omitted); Dorsey v. Orloff, 1997 WL 85016, *1, *3 (N.D. Cal. Feb. 24, 1997) (district attorney entitled to absolute prosecutorial immunity from suit for bringing state court action against plaintiff to collect past-due child support), aff'd, 131 F.3d 146 (9th Cir. 1997), cert. denied, 523 U.S. 1011 (1998). The Complaint also fails to state any viable Section 1983 claim to the extent it is predicated on perceived improprieties in plaintiff's divorce proceedings in state court, or violations of orders or agreements stemming therefrom, which appear to raise purely state law issues, and thus are insufficient to state a viable federal claim under Section 1983. See Crowley v. Nevada Secretary of State, 678 F.3d 730, 736 (9th Cir. 2012) (pure violations of state law not cognizable under Section 1983) (citations omitted).

Second, the Complaint fails to state a viable claim under Section 1985(2). To state a Section 1985(2) claim, a plaintiff essentially must demonstrate either that (1) a conspiracy hampered the plaintiff's ability to present an effective case in federal court, Rutledge v. Arizona Board of Regents, 859 F.2d 732, 735 (9th Cir. 1988) (citing, in part, David v. United States, 820 F.2d 1038, 1040 (9th Cir. 1987)), or (2) a conspiracy motivated by class-based, invidiously discriminatory animus obstructed the plaintiff's access to a state court, Portman v. County of Santa Clara, 995 F.2d 898, 909 (9th Cir. 1993); Bagley v. CMC Real Estate Corp., 923 F.2d 758, 763 (9th Cir. 1991), cert. denied, 502 U.S. 1091 (1992). Here, the Complaint does not plausibly allege a claim under either theory.

Third, since the Complaint does not state a viable claim under Section 1985 – a necessary predicate for establishing liability under Section 1986 – plaintiff fails to state a viable Section 1986 claim. See McCalden v. California Library Association, 955 F.2d 1214, 1223 (9th Cir. 1990), cert. denied, 504 U.S. 957 (1992), superseded by rule on other grounds as stated in Harmston v. City and County of San Francisco, 627 F.3d 1273, 1279-80 (9th Cir. 2010).

Fourth, nothing in the Complaint reasonably suggests that any of the federal criminal statutes plaintiff references might provide a private right of action that could remedy misconduct by any specific defendant under any circumstances plausibly alleged in the instant case. (Comp. ¶¶ 55-57, 71-75, 93-128). Plaintiffs "cannot bring criminal charges against defendants through a private lawsuit. . . ."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:17-cv-01687-AG-JC | Date | May 24, 2018 |
|---|---|---|---|
| Title | Keith J. Walker v. Elick Toby Bowler, et al. | | |

Figueroa v. Clark, 810 F. Supp. 613, 615 (E.D. Pa. 1992) (citation omitted); Bolin v. Brown, 2012 WL 2933502, *4 (E.D. Cal. July 18, 2012) (noting plaintiff may not file criminal complaint against defendants for conspiracy, racketeering, terrorism, treason) (citing, in part, 28 U.S.C. § 547 [United States Attorney "shall prosecute for all offenses against the United States"]). Moreover, nothing in the Complaint plausibly reflects that any of the federal criminal statutes asserted here might provide a private right of action to remedy specific misconduct by any specific defendant alleged in the instant case. See, e.g., Johnson v. Comfort Residential Partners, LLC, 467 Fed. Appx. 598 (9th Cir. 2012) (district court properly dismissed action for lack of subject matter jurisdiction, in part, where plaintiff failed to establish that federal statutes cited in complaint "served as a source of any substantive federal right to file a civil action") (citing, in part, Touche Ross & Co. v. Redington, 442 U.S. 560, 575-76 (1979) (noting factors for determining whether federal criminal statute provides implied civil action)); Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 511 (2d Cir. 1994) (district court properly dismissed claims brought under federal criminal statutes which did not provide private cause of action) (citations omitted); Hysell v. Schwarzenegger, 2012 WL 1130609, *3 (E.D. Cal. Mar. 30, 2012) (18 U.S.C. § 4 "misprison of felony" does not provide private cause of action) (citations omitted), aff'd, 519 Fed. Appx. 495 (9th Cir. 2013); Cominsky v. Federal Bureau of Investigation, 2007 WL 2206606, *3 (N.D. Ohio May 29, 2007) (18 U.S.C. §§ 4, 241 criminal statutes "provide no private right of action") (citations omitted).

      Finally, as it is appropriate to dismiss all of plaintiff's Federal Claims over which the Court has original jurisdiction, and absent any comprehensible allegations in the Complaint which might otherwise support an independent basis of federal subject matter jurisdiction, and as the balance of pertinent factors weigh against the exercise of supplemental jurisdiction in this case, it would be appropriate to decline to exercise supplemental jurisdiction over plaintiff's State Claims and to dismiss such claims without prejudice. See, e.g., 28 U.S.C. § 1367(c)(3) (district court may decline supplemental jurisdiction over claim where "court has dismissed all claims over which it has original jurisdiction"); Carlsbad Technology, Inc. v. HIF Bio, Inc., 556 U.S. 635, 639 (2009) (recognizing district court's discretion to decide whether to exercise supplemental jurisdiction over state-law claims after district court dismissed "every claim over which it had original jurisdiction") (citations omitted); see, e.g., Acri v. Varian Associates, Inc., 114 F.3d 999, 1001 (9th Cir.) (en banc) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.'") (citation and quotation marks omitted), supplemented, 121 F.3d 714 (9th Cir. 1997); see generally Lacey, 693 F.3d at 940 (district court must affirmatively indicate that it has exercised its discretion to decide whether to keep state claims in federal court after all federal claims have been dismissed).

///
///
///
///
///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:17-cv-01687-AG-JC | Date | May 24, 2018 |
|---|---|---|---|
| Title | Keith J. Walker v. Elick Toby Bowler, et al. | | |

**IV.    Orders**

In light of the foregoing, IT IS HEREBY ORDERED:[4]

1.      Plaintiff shall, **by June 7, 2018,** show good cause in writing, if there be any, why the Court should not, *sua sponte*, dismiss this action without prejudice as against Remaining Defendants Rawah Algaouni, Elick Toby Bowler, Bowler and Bowler, Bret Baker, Timothy Glisson, Ahlam Algaouni, Thierry Lemaitre, and Z-Tech, for failure properly to effect service.

2.      Plaintiff shall, **by June 7, 2018,** show good cause in writing, if there be any, why the Court should not, *sua sponte*, dismiss the Complaint for failure to state a federal claim against any Remaining Defendant.

To the extent plaintiff believes he is able to state a viable federal claim in an amended complaint and to correct the pleading deficiencies identified above, plaintiff may instead file a First Amended Complaint by **June 7, 2018** which will serve as plaintiff's response to the portion of this Second OSC which calls upon plaintiff to demonstrate why the Complaint should not be dismissed for failure to state a claim.  **However, the filing of a First Amended Complaint – even one which includes the unserved Remaining Defendants identified in paragraph 1 above – will not constitute a response to the portions of the First and Second OSC which call upon plaintiff to show good cause why this action should not be dismissed for failure to effect service on such unserved Remaining Defendants and will not restart the expired 90-day clock to properly effect service upon such unserved Remaining Defendants.**

Any First Amended Complaint must:  (a) be labeled "First Amended Complaint"; (b) be complete in and of itself and not refer in any manner to the Original Complaint – *i.e.*, it must include all claims on which plaintiff seeks to proceed (Local Rule 15-2); (c) contain a "short and plain" statement of the claim(s) for relief (Fed. R. Civ. P. 8(a)); (d) make each allegation "simple, concise and direct" (Fed. R. Civ. P. 8(d)(1)); (e) present allegations in numbered paragraphs, "each limited as far as practicable to a single set of circumstances" (Fed. R. Civ. P. 10(b)); (f) state each claim founded on a separate transaction or occurrence in a separate count as needed for clarity (Fed. R. Civ. P. 10(b)); (g) set forth clearly the sequence of events giving rise to the claim(s) for relief; (h) allege specifically what each individual defendant did and how that individual's conduct specifically violated plaintiff's rights; and

---

[4]The Court's orders herein constitute non-dispositive rulings on pretrial matters.  To the extent a party disagrees with such non-dispositive rulings, such party may file a motion for review by the assigned District Judge within fourteen (14) days.  See Local Rule 72-2.1.  To the extent a party believes the rulings to be dispositive, rather than non-dispositive, such party has the right to object to this Court's determination that the rulings are non-dispositive within fourteen (14) days.  A party will be foreclosed from challenging the rulings herein if such party does not seek review thereof, or object thereto.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:17-cv-01687-AG-JC | Date | May 24, 2018 |
|---|---|---|---|
| Title | Keith J. Walker v. Elick Toby Bowler, et al. | | |

(i) state the names of all defendants in the caption (Fed. R. Civ. P. 10(a)). Plaintiff may not change the nature of this suit by adding new, unrelated claims or defendants in any First Amended Complaint. Cf. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (courts should reject "buckshot" complaints – *i.e.*, a complaint that alleges unrelated claims against different defendants) (citations omitted).

To the extent plaintiff chooses to file a First Amended Complaint which renames any former defendant who plaintiff has already dismissed from this action (*i.e.*, former defendants Firetag, Naughton, Markush, Coe, Keyser, Glisson, Essayli, Greenlee, Delatorre, Ardrey, Christopher Plumbing, Inc., OPD, and BPD) (Docket Nos. 52, 54, 66), plaintiff is advised that each such individual/entity would necessarily be treated as if he/she/it is a new party to the action. See generally City of South Pasadena v. Mineta, 284 F.3d 1154, 1157 (9th Cir. 2002) (voluntary dismissal pursuant to Rule 41(a)(1) "le[ft] the situation as if the action never had been filed") (citations, internal quotation marks, and footnote omitted); Commercial Space Management Company, Inc. v. Boeing Company, Inc., 193 F.3d 1074, 1078 (9th Cir. 1999) ("[I]t is beyond debate that a dismissal under Rule 41(a)(1) is effective on filing, no court order is required, [and] the parties are left as though no action had been brought [against the voluntarily dismissed defendant]. . . ."); Wilson, 111 F.3d at 692 (voluntary dismissal pursuant to Rule 41(a)(1) effectively "leaves the parties as though no action had been brought") (citing Concha v. London, 62 F.3d 1493, 1506 (9th Cir. 1995). Hence, for example, within 90 days of the filing of any First Amended Complaint plaintiff would be required to effectuate proper service of the summons and First Amended Complaint under Rule 4 for each previously dismissed defendant who may be named anew in such amended complaint, and plaintiff would need to file a separate proof of service form for each such "new" defendant served.

3.  To the extent plaintiff no longer wishes to pursue this action, he may complete and return the attached dismissal form by the foregoing deadline, which will serve as his response to both the First OSC and the Second OSC. Plaintiff's completion and return of the dismissal form will constitute plaintiff's voluntary dismissal without prejudice of all Remaining Defendants and the action as a whole.

**4. Plaintiff is cautioned that, absent further order of the Court, plaintiff's failure timely and properly to respond to this Order to Show Cause may result in the dismissal of this action with or without prejudice on one or more of the grounds set forth above, for failure diligently to prosecute, and/or for failure to comply with the Court's First and Second OSCs.**

IT IS SO ORDERED.

Attachment