UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH J. WALKER, | Case No. EDCV 17-1687 AG(JC) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER DISMISSING ACTION |
| ELICK TOBY BOWLER, et al., | |
| Defendants. | |

## I. BACKGROUND

On August 21, 2017, plaintiff Keith J. Walker, who is proceeding *pro se*, is at liberty, and has paid the filing fee, filed a Complaint against multiple defendants who appear to be in some manner connected with plaintiff's divorce proceedings in Riverside County Family Court. (Docket Nos. 1, 70). Several of the defendants have since been dismissed from this action at plaintiff's request. (Docket Nos. 52, 54, 66, & 73 at n.1).

On August 23, 2017, the assigned Magistrate Judge issued an Order ("August Order") advising plaintiff that pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service of the summons and complaint must be accomplished on each defendant within 90 days after filing the complaint, *i.e.*, by November 20, 2017. The August Order directed plaintiff to file separate proof of service forms for each defendant served within the 90-day period, and cautioned plaintiff that his

failure to effectuate proper service by November 20, 2017, might result in dismissal of the action without prejudice as to any unserved defendant. The August Order also provided plaintiff with information about the Federal "Pro Se" Clinics that offer on-site information and guidance to individuals like plaintiff who are representing themselves in federal civil actions. This Court agrees with and adopts the August Order.

On November 22, 2017, the Magistrate Judge issued an Order to Show Cause ("First OSC") which, in pertinent part: (1) noted that plaintiff had failed to file proof of service forms for several non-appearing defendants; (2) directed plaintiff, within fourteen days, to show cause why service had not timely been made on such unserved defendants and why the case should not be dismissed without prejudice as against such defendants for failure to effectuate service and for lack of prosecution; and (3) advised plaintiff that the failure timely to respond to the First OSC, or to show good cause, might result in the dismissal of the action without prejudice as against such defendants for failure to effectuate service and/or for lack of prosecution. Plaintiff thereafter voluntarily dismissed two of the defendants identified in the First OSC, but to date, has not filed a response to the First OSC. (Docket Nos. 54, 66). This Court agrees with and adopts the First OSC.

On May 24, 2018, the Magistrate Judge issued an Order to Show Cause Why This Action Should Not Be Dismissed as Against Unserved Defendants and Why the Complaint Should Not Be Dismissed for Failure to State a Federal Claim Against any Remaining Defendant ("Second OSC"). (Docket No. 74). The Second OSC: (1) vacated the First OSC with respect to the two dismissed defendants identified therein; (2) *sua sponte* extended to June 7, 2018, plaintiff's deadline to respond to the First OSC with respect to the remaining non-appearing defendants identified therein; (3) ordered plaintiff to show good cause in writing by June 7, 2018, why service was not properly effected on two other remaining

2

defendants and why such defendants should not be dismissed from this action without prejudice for failure properly to effectuate service and for lack of prosecution; (4) identified multiple deficiencies in the Complaint; (5) ordered plaintiff by not later than June 7, 2018, to show good cause in writing why the Court should not *sua sponte* dismiss the Complaint for failure to state a federal claim upon which relief may be granted (or alternatively to file a first amended complaint by the foregoing deadline); and (6) cautioned plaintiff that absent further order of the Court, plaintiff's failure timely and properly to respond to the Second OSC may result in the dismissal of this action with or without prejudice on one or more of the grounds set forth in the Second OSC, for failure diligently to prosecute, and/or for failure to comply with the First and Second OSCs. This Court agrees with and adopts the Second OSC.

Plaintiff's deadline to respond to the First and Second OSCs expired more than two weeks ago. To date, plaintiff has not filed a response to the First OSC or the Second OSC. Nor has plaintiff sought an extension of time or otherwise communicated with the Court since early March 2018.

## II.    DISCUSSION

Based upon the record and the applicable law, and as further discussed below, the Court dismisses this action due to plaintiff's failure to comply with the First and Second OSCs, and his failure diligently to prosecute.

It is well-established that a district court has authority to dismiss a plaintiff's action because of his failure to prosecute or to comply with court orders. See Fed. R. Civ. P. 41(b); Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.), cert. denied, 506 U.S. 915 (1992). In determining whether to dismiss an action for failure to prosecute or failure to comply with court orders, a district court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy

3

favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.  See In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); Ferdik, 963 F.2d at 1260-61 (failure to comply with court orders).

This Court finds that the first two factors – the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal since plaintiff has not effected service of the Complaint or filed proofs of service as to multiple defendants, has not filed a response to the First and Second OSCs directing him to show good cause as to why this action should not be dismissed against the unserved remaining defendants and why the Complaint should not be dismissed for failure to state a federal claim against any remaining defendant, and has not communicated with the Court regarding this matter since March.  See e.g., Edwards v. Marin Park, Inc., 356 F.3d 1058, 1065 (9th Cir. 2004) (*sua sponte* dismissal pursuant to Fed. R. Civ. P. 41(b) proper sanction in cases where a plaintiff is notified of deficiencies in complaint and is given "the opportunity to amend [the complaint] or be dismissed" but the plaintiff "[does] *nothing*") (citations omitted; emphasis in original).
The Court cannot hold this case in abeyance indefinitely awaiting plaintiff's response to the Court's directives.  The third factor, risk of prejudice to defendants, also weighs in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.  Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor, the public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally, as plaintiff has already been cautioned about the consequences of failing to comply with the First and Second OSCs and of failing diligently to prosecute this action, has been afforded ample opportunity to do so, and has not responded, no sanction lesser than dismissal is feasible.
///

Accordingly, it is ORDERED that this action be dismissed for failure to

4

comply with the First and Second OSCs and for lack of prosecution.

**III.    ORDER**

IT IS THEREFORE ORDERED that this action is dismissed and that the Clerk enter judgment accordingly.

IT IS SO ORDERED.

DATED: June 29, 2018

_____

HONORABLE ANDREW J. GUILFORD
UNITED STATES DISTRICT JUDGE

Presented this 22nd day of June 2018 by:

_____/s/ Jacqueline Chooljian_____

HONORABLE JACQUELINE CHOOLJIAN
UNITED STATES MAGISTRATE JUDGE